**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30192 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-05601-BHS |
| v. | |
| MARIO ALBERTO HERRERA-PEREZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted December 19, 2011[**]

Before:    GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

Mario Alberto Herrera-Perez appeals from the 120-month sentence imposed

following his guilty-plea conviction for possession with intent to distribute heroin,

in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A).  We have jurisdiction under

28 U.S.C. § 1291, and we dismiss.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Herrera-Perez pleaded guilty pursuant to a written agreement that included an appeal waiver. He contends that his appeal waiver was not knowing and voluntary due to the ineffective assistance of counsel. As a general rule, we do not review challenges to the effectiveness of defense counsel on direct appeal unless (1) the record on appeal is sufficiently developed to permit determination of the issue, or (2) the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel. *See United States v. Jeronimo*, 398 F.3d 1149, 1155-56 (9th Cir. 2005), *overruled on other grounds by United States v. Jacobo Castillo*, 496 F.3d 947, 957 (9th Cir. 2007) (en banc). Neither exception applies to this case. Based on the record before this court on direct appeal, we conclude that Herrera-Perez's appeal waiver, which waived his ability to appeal a sentence that was imposed at the statutory mandatory minimum, was voluntary and enforceable. *See id.* at 1156.

Herrera-Perez's motion for remand to enforce the plea agreement is denied. There was no breach of the plea agreement because the provision Herrera-Perez seeks to enforce benefits the government, therefore the government may waive it. *See Jacobo Castillo*, 496 F.3d at 956-57.

**DISMISSED.**

10-30192